OPINION OF THE COURT
Charles J. Thomas, J.
The parties to this small claims action have consented to have the court treat this action as a motion for summary judgment based upon the following question: Is plaintiff entitled to recover a $200 deductible for no-fault personal injury excluded under Insurance Law § 5102 (b) (3) as first-party benefits?
Plaintiff and defendant were involved in an automobile accident. Plaintiff made claim against her own no-fault insurance carrier (Insurance Law art 51) and was given the sum of $151.99 for medical expenses incurred representing a $351.99 claim less a $200 deductible pursuant to the terms of her policy.
Plaintiff now sues defendant for the $200 alleging she had a deductible from “basic economic loss” (Insurance Law § 5102 [a]). Her insurance carrier satisfied its obligation to her by remitting its check for $151.99. She received the check as "first party benefits” (Insurance Law § 5102 [b]) and had to pay the “provider of health services” $200 out of her own pocket.
Plaintiff’s right to sue defendant is governed by Insurance Law § 5104 which states: "(a) Notwithstanding any other law, in any action by or on behalf of a covered person * * * for *291 personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss” (emphasis added).
Section 5102 (a) (1) defines basic economic loss as amounts
"up to [$50,000] * * *
“[for] [a]ll necessary expenses incurred for: (i) medical, hospital * * * services”.
There is no doubt that plaintiff's claim falls within this definition of basic economic loss.
Plaintiff argues that when items of basic economic loss are not available from the no-fault as first-party benefits these damages may nevertheless form the basis for a common-law tort action and cites as controlling the case of Pascente v Stoyle (116 Misc 2d 641).
The Pascente case (supra) involved a plaintiff who sought to recover the difference of what he would have earned and what he was entitled to receive as first-party benefits. In Pascente the court held that a person retains his right to sue if the loss sustained is a serious loss, i.e.: a loss in excess of "the basic economic loss” as that term is defined by section 5102.
Such is not the case in the instant matter. Here plaintiff is not suing for an amount in excess of the basic economic loss but rather for a deductible under first-party benefits which is well within the basic economic loss amount. The fact that section 5102 (b) excludes deductible amounts from first-party benefits does not change the fact that it is still a basic economic loss. Plaintiff’s medical claim could not be recovered from defendant as long as plaintiff’s expenses do not exceed the $50,000 amount.
Therefore, the court finds that plaintiff cannot maintain this action against defendant.
Judgment for defendant.